IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS



**FILED**
July 06, 2023 04:18 PM
SX-2020-RV-00010
**TAMARA CHARLES**
**CLERK OF THE COURT**

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## District of St. Croix

---

**TYRONE NICHOLAS,**
                    **Appellant/Defendant,**

**v.**

**LORRAINE SEALEY,**
                    **Appellee/Plaintiff.**

Case Number: **SX-2020-RV-00010**
Action:

# NOTICE of ENTRY
## of
## JUDGMENT/ORDER

**To:**   Hon. Ernest E. Morris, Jr., Judge
          Tyrone Nicholas
          Lorraine Sealey

**Please take notice that on July 06, 2023**
**a(n)**        MEMORANDUM OPINION AND ORDER
**dated**        **July 6, 2023**        **was/were entered**
**by the Clerk in the above-titled matter.**

**Dated:**   **July 06, 2023**

                                        **Tamara Charles**
                                        **Clerk of the Court**
                    By:

                                        **Cheryl Parris**
                                        **Court Clerk III**



**FILED**

July 06, 2023 04:16 PM
SX-2020-RV-00010
**TAMARA CHARLES**
**CLERK OF THE COURT**

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

TYRONE NICHOLAS )
                    )     SX-20-RV-010
        Appellant/Defendant )     SX-20-SM-092
    v. )
                    )
                    )
LORRAINE SEALEY )     PETITION FOR REVEIW
                    )
        Appellee/Plaintiff )
_____ )

**Cite as: 2023 VI Super U38**

**Mr. Tyrone Nicholas, Pro Se**
P.O. Box 5349
Sunny Isle, Christiansted
U.S. Virgin Islands 00823

**Ms. Lorraine Sealey, Pro Se**
#6022 Washington Avenue
Philadelphia, Pa. 19143-2322

**MEMORANDUM OPINION AND ORDER**

¶ 1.    Appellant/Defendant Tyrone Nicholas ("Nicholas") and Appellee/Plaintiff Lorraine Sealey ("Sealey") entered into a contract for the repair of Sealey's home. When Nicholas failed to complete the repairs according to the terms of the agreement, Sealey filed a small claims action against Nicholas in the Magistrate Division of the Superior Court to recover the cost of completing the repairs. After a hearing, the Magistrate Judge found that Sealey paid amounts to Nicholas in accordance with their contract and entered judgment in favor of Sealey. Nicholas appealed the Magistrate Judge's judgment. The factual findings

of the Magistrate Judge are not clearly erroneous. Therefore, the judgment is affirmed.

## Factual and Procedural Background

¶ 2.    In March of 2019 Sealey and Nicholas entered into a contract for the repair of Sealey's home. The contract provided an itemized list of the tasks which constituted the "scope of work" to be performed to complete the repairs and further provided that the work was to be completed in 60 days. In addition, the contract outlined a schedule of payments which were to be made by Sealey upon completion of various stages of the repair. The schedule of payments required an initial deposit of Twenty Thousand ($20,000.00) Dollars, a second payment of Ten Thousand ($10,000.00) Dollars, a third payment of Six Thousand ($6,000.00) Dollars and a final payment of Four Thousand ($4,000.00) Dollars for a total of Forty Thousand ($40,000.00) Dollars. Sealey, who lived in Philadelphia, Pennsylvania, returned to St. Croix in October 2019 and discovered that the repair of her residence was not completed according to the terms of the contract.

¶ 3.    Sealey filed a complaint with the Department of Licensing and Consumer Affairs, Division of Consumer Protection Services. When the parties failed to resolve their dispute through this Agency, Sealey filed a small claims action in the Magistrate Division of the Superior Court.

¶ 4.    The Magistrate conducted an evidentiary hearing on October 6, 2020. The Magistrate took testimony and admitted documents into evidence.

Based on the testimony and other evidence, the Magistrate Judge entered judgment in favor of Sealey. Nicholas filed a timely appeal of the Magistrate Judge's decision on November 2, 2020.

## Jurisdiction and Standard of Review

¶ 5.   The Superior Court has jurisdiction to review judgments and orders issued by a Magistrate. *Tit. 4 V.I. Code Ann. § 125; Super. Ct. Rule 322(a)*. An appellate court's review of a trial court's application of law is plenary while the trial court's findings of fact are reviewed for clear error. *St. Thomas — St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 329 (V.I. 2007) (citing *Wexler v. Westfield Bd. Of Ed.*, 784 F.2d. 178,181(3rd Cir. 1986)). When acting in its appellate capacity, the Superior Court applies the same standard of review to its examination of the judgments and orders of the Magistrate. *Crown Bay Marina, L.P. v. Gourmet Gallery Crown Bay*, 2017 V.I. LEXIS 174, at *1-2 (Super. Ct. 2017).

## The Factual Evidence

¶ 6.   In his request for review, Nicholas contends that he did not have the chance to properly explain his case to the Magistrate Judge. He further contends that the Magistrate Judge did not attach sufficient relevance, consideration, weight and credibility to the facts that he presented. Nicholas does not argue that the Magistrate Judge made erroneous legal conclusions or committed clear error in the findings of fact or the application of the law to the facts. Nicholas argues that in as much as the Magistrate Judge ruled against him, Sealey also

failed to execute her performance under the contract in accordance with the terms of the contract. Nicholas further argues that the Magistrate Judge's interpretation and application of the facts is contrary to his own interpretation of the facts. Thereby, Nicholas merely expresses his displeasure with the with the Magistrate Judge's determination that the factual findings warrant judgment in Sealey's favor. In effect, Nicholas is requesting that this Court revisit the facts in order to determine the appropriate outcome in this case.

¶ 7.   There is no validity to Nicholas's claim that he did not have the chance to explain his case to the Magistrate Judge. The record shows that all parties were present at the hearing and were given the opportunity to present witnesses and other evidence. During the testimony, the Parties agreed that a valid contract was executed in which Nicholas agreed to repair Sealey's home for Forty Thousand ($40,000.00). The Parties also agreed that Sealey paid Nicholas an amount in excess of the amount of the contract, but the work was not completed. However, the Parties provided conflicting information about how much was paid and the purpose for which the various payments were to be applied. Sealey presented evidence that the cost of completing the repairs was more than Ten Thousand ($10,000.00) Dollars. Based on these facts, the Magistrate Judge entered Judgment in favor of Sealey in the amount of Ten Thousand ($10,000.00) Dollars.

## Discussion

¶ 8.   When an appellate court reviews a trial court's findings of fact, "it must give all due deference to the opportunity of the trial judge to evaluate the credibility of witnesses and to weigh the evidence". *Ross v. Hodge*, 58 V.I. 292, 303-04 (2013) (citing *Versa Prods. Co. v. Bifold Co. (Mfg.)*, 50 F. 3d 189, 200 (3rd Cir. 1995)) (explaining clear error). Nicholas testified that certain payments were made to him for doing work that was not within the scope of the contract. However, Nicholas did not provide the evidence from which the Magistrate could distinguish between the payments made on the contract and the payments that were made for extra work. The contract provided that changes in the work order will be billed separately but Nicholas provided no evidence of a change of work order or separate billings. Therefore, the Magistrate Judge found that these extra payments, to the extent that they were made, were outside the terms of contract and were therefore not before the Court. On the other hand, Sealey testified that any work that was done outside the contract had been fully paid for separately. Based on this evidence there is no basis upon which to determine that the Magistrate Judge's finding of facts is clearly erroneous. In reviewing findings of fact for clear error, the reviewing court may only reverse the trial court's factual findings if the trial court's determination is "completely devoid of minimum evidentiary support or bears no rational relationship to the supportive evidentiary data". *Hodge v. McGowan*, 50 V.I. 296, 316 (V.I. 2008) *(citing Daniel*, 49 V.I. at 329).

¶ 9.   On appeal, Nicholas argues that the failure of the Magistrate Judge to find that Sealey breached the contract, constitutes error. The evidence indicates that Sealey did not make payments to Nicholas according to the schedule of payments outlined in the contract. Instead, Sealey made periodic payments in smaller amounts after the initial deposit of Nineteen Thousand ($19,000.00) Dollars. Nicholas insists that this was a breach of the contract that the Magistrate Judge failed to consider. A breach of contract arises when a party does not perform a duty imposed by a contract. *Camacho v. Deliver It, Inc.*, 2015 V.I. LEXIS 32, at *5 (Super. Ct. 2015) (citing *Creative Minds LLC v. Reef Broad. Inc.*, 2014 VI LEXIS 81 at *5 (Super. Ct. 2014)). To state a claim for a breach of contract under Virgin Islands law, a plaintiff must establish: (1) the existence of a contract between the parties; (2) that the defendant breached a material duty imposed by that contract; and (3) that damages resulted from the breach. *George v. Virgin Islands Lottery Comm'n*, 54 V.I. 533, 539 (V.I. 2010). (Citing *Stallworth Timber Co. v. Triad Building Supply*, 968 F. Supp. 279, 282 (D.V.I. App. Div. 1997). The pivotal issue upon which the Magistrate Judge rendered judgment is whether Nicholas was indebted to Sealey for his failure to complete the repairs after certain monies were paid to Nicholas to perform the repairs. The Magistrate Judge made no finding as to whether either Nicholas or Sealey breached the contract. Neither did Nicholas present a claim for breach of contract to the Magistrate Judge.

¶ 10. Finally, Nicholas asserts that the factual dispute in relation to the amounts paid to Nicholas under the contract warrants a decision in the favor of Nicholas. Even if factual evidence before the trial court can have alternative interpretation, the reviewing court must defer to the findings and interpretation given by the trial court. The findings of the trial court are not clearly erroneous because the trial court chooses one interpretation or the other. "A trial court's choice between two permissible views of the weight of the evidence is not clearly erroneous, and simply that the reviewing court may have viewed the evidence differently does not entitle the reviewing court to reverse the trial court's findings of fact". *Browne v. Stanley*, 66 V.I. 328, 336 (2017). (Citation and internal quotation marks omitted).

## Conclusion

¶ 11. The Magistrate judgment is based on factual evidence from which the Magistrate determined that Sealey advanced monies to Nicholas according to a contract for the repair of Sealey's home. The facts also show that Nicholas failed to complete the repairs as agreed. The Magistrate entered judgment upon a factual finding that Nicholas was liable to Sealey for the cost of completing the repairs. Since the Magistrate's factual findings are not clearly erroneous, the judgment is *AFFIRMED*.

**DONE AND SO ORDERED** this 6th day of July, 2023.

HONORABLE JOMO MEADE
Senior Sitting Judge of the Superior Court

**ATTEST:**

TAMARA CHARLES
CLERK OF COURT

COURT CLERK

DATED: 7/6/2023

7